Ryan Ballard, ISBN 9017
Ballard Law, PLLC
P.O. Box 38
Rexburg, ID 83440
(208) 359-5532
ryanballardlaw@gmail.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KELLY MESSICK, ) | Case No.: 3:15-cv-485 |
| ) | |
| Plaintiff, ) | |
| v. ) | **COMPLAINT** |
| ) | |
| CSO FINANCIAL, INC., ) | |
| an Oregon corporation DBA Credit Services of Oregon, ) | |
| ) | |
| Defendant. ) | |
| ) | |

COMES NOW the Plaintiff Kelly Messick, by and through her counsel of record, Ryan A. Ballard of Ballard Law, PLLC, and alleges her causes of action against Defendant as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Kelly Messick is a natural person residing in Nez Perce County, Idaho, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

3. Defendant CSO Financial is an Oregon corporation engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 1229 SE

Stephens, Roseburg, OR 97470.

4. CSO Financial is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

5. CSO Financial is licensed to do business in Idaho and can be served through its registered agent, Jeff Wilson, 418 W. Washington, Boise, ID 83701.

6. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

7. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

## GENERAL ALLEGATIONS

8. On May 28, 2014, CSO Financial filed suit against Ms. Messick in the Circuit Court of the State of Oregon for Deschutes County, Small Claims Department, case no. SC141345.

9. The suit alleged Ms. Messick owed $338.84 plus fees and costs on a debt owed to "Umpqua Bank Overdraft & Oper LS."

10. On October 17, 2014, the Nez Perce County Sheriff's Office received the complaint for service.

11. On October 22, 2014, a deputy from the Nez Perce County Sheriff's Office served the complaint on Ms. Messick, in Nez Perce County.

12. Ms. Messick was a resident of Nez Perce County at the time the complaint was filed in Oregon.

13. Ms. Messick did not sign any contracts with Umqua Bank in Oregon.

## COUNT I: VIOLATION OF FDCPA - WRONG VENUE

14. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

15. 15 U.S.C. § 1692i requires that a debt collector bring a legal action only in the judicial district where the consumer signed the contract sued upon or in which the consumer resides at the commencement of the action.

16. Deschutes County, Oregon and Nez Perce County, Idaho are separate judicial districts.

17. The alleged contract sued upon, if entered into at all, was entered into in California.

18. At the commencement of the action, Ms. Messick resided in Nez Perce County, Idaho.

19. Therefore CSO Financial violated 15 U.S.C. § 1692i by suing Ms. Messick in Oregon.

20. Ms. Messick is entitled to statutory and actual damages due to CSO Financial's violation.

## COUNT II: ABUSE OF PROCESS

21. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

22. CSO Financial took a willful act to use the legal process by filing a lawsuit against Ms. Messick.

23. That lawsuit was improper as the alleged debt CSO Financial sought to collect was not entered into in Oregon, nor did CSO Financial have a good faith basis to believe Ms. Messick lived in Oregon.

24. Upon information and belief, CSO Financial filed suit in Deschutes County, Oregon, for its own convenience, rather than following the venues rules under 15 U.S.C. § 1692i.

25. Upon information and belief, CSO Financial filed suit in Deschutes County, Oregon in an effort to force Ms. Messick to either travel to Oregon for a trial on a small debt, or enter a payment plan because it would cost more to defend herself than it would to just pay.

26. Such action constitutes an ulterior, improper purpose for filing suit.

27. Ms. Messick is entitled to actual and punitive damages due to CSO Financial' violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1),

B. Statutory damages up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A),

C. Leave to seek an amendment to the complaint at a later date to seek punitive damages pursuant to I.C. § 48-608(1),

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3),

E. In the event of default judgment, for attorney fees in the amount of $2,000.00,

F. For Court costs; and

G. For such other and further relief as may be just and proper.

DATED: October 14, 2015

/s/ Ryan A. Ballard
Ryan A. Ballard
Ballard Law, PLLC